IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEROY TATE JR.**, <br><br> Petitioner, <br><br> v. <br><br> **WILLIAM KNIPP, Warden,** <br><br> Respondent. | Case No. 1:13-cv-00025 LJO MJS (HC) <br><br> **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** <br><br> [Doc. 19] |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

**I.      BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, upon pleading no contest to second degree murder. (See Lodged Doc. No. 1.) On January 14, 2004, Petitioner was sentenced pursuant to the three strikes law to an indeterminate state prison term of thirty years to life. (Id.) Petitioner did not file an appeal.

Starting in March 2005, Petitioner filed fifteen post-conviction collateral challenges with respect to his conviction in the state courts. (See Lodged Doc. Nos. 2-29.) Relevant

to the present petition are Petitioner's first five petitions, filed as follows:

1. <u>Kings County Superior Court</u>
   Filed: March 3, 2005[1];
   Denied: March 14, 2005;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: September 23, 2005[2];
   Denied: September 25, 2005;

3. <u>California Supreme Court</u>
   Filed: April 3, 2006;
   Denied: November 15, 2006;

4. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: April 13, 2006;
   Denied: April 27, 2006;

5. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: July 17, 2006;
   Denied: August 3, 2006;

(Lodged Doc. Nos. 2-11.)

Afterwards, Petitioner filed ten more post-conviction collateral appeals starting three years later in August 2009. (Lodged Doc. Nos. 12-29.) On December 21, 2012, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On June 5, 2013, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).  (Mot. to Dismiss, p.1.) Petitioner did not file an opposition.

**II.    DISCUSSION**

**A.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.

[2] Petitioner did not date the petition. Accordingly, he is not entitled to an earlier filing date with regard to this petition.

Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on December 21, 2012, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

(1) A 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal his January 14, 2004 sentence. Accordingly, his conviction became final 60 days later on March 15, 2004. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on March 16, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

    **C.**    **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of

a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal his January 14, 2004 sentence. Accordingly, his conviction became final 60 days later on March 15, 2004. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on March 16, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). According to the state court records provided by Respondent, Petitioner filed his first petition for collateral relief, in the form of a petition for writ of habeas corpus, on March 3, 2005. (Lodged Doc. 5.) Respondent concedes that Petitioner is entitled to tolling with regard to this petition. However, 352 days of the limitation period passed before the application was filed. Based on such tolling, thirteen days of the limitations period remained when the petition was denied on March 14, 2005.

Petitioner next filed an appeal with the Fifth District Court of Appeal on September 23, 2005, which was denied on September 29, 2005. Petitioner is not entitled to interval tolling between the denial of his first state petition and the filing of the second state petition. Petitioner delayed by waiting 192 days, a total of six months, between the time his first petition was denied on March 14, 2005 and the filing of his second petition on September 23, 2005. In Evans v. Chavis, 546 U.S. 189, 201 (2006) the Supreme Court ruled that a delay of six months between the denial of a petition and the filing of another

1  was an "unjustified delay". The Court stated, "Six months is far longer than the 'short
2  periods of time,' 30 to 60 days, that most States provide for filing an appeal to the state
3  supreme court." Id. Therefore, Petitioner is not entitled to tolling for the six month
4  unexplained and unjustified period between his first and second petitions. See
5  Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011). Since an additional 192 days of the
6  limitations period elapsed, a total of 544 days passed prior to petitioner's filing of his
7  petition with the court of appeal.

8  Accordingly, the statute of limitations expired during this period. State petitions
9  filed after the expiration of the statute of limitations period shall have no tolling effect.
10 Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit
11 the reinitiation of the limitations period that has ended before the state petition was
12 filed."). The present petition was filed on December 21, 2012, nearly seven years after
13 the expiration of the year statute of limitations period. The instant federal petition is
14 untimely.

15 **D.    Equitable Tolling**

16 The limitations period is subject to equitable tolling if the petitioner demonstrates:
17 "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
18 circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);
19 quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would
20 give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th
21 Cir.1993). Petitioner has not presented any evidence regarding equitable tolling.
22 Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition
23 remains untimely.

24 **III.   EXHAUSTION**

25 In his motion to dismiss, Respondent also argues that the petition should be
26 dismissed for failure to exhaust state remedies. As the petition is untimely, the Court
27 need not and will not address the exhaustion issue.

28 ///

## IV. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is entitled to the benefit of statutory tolling, however, his federal petition was still untimely filed. Further, Petitioner was not entitled to equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## V. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 15, 2013         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

7