1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **LEROY TATE JR.,** | Case No. 1:13-cv-00025 LJO MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | |
| **WILLIAM KNIPP, Warden,** | **[Doc. 19]** |
| Respondent. | |

17

18      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian

20  G. Smiley, Esq., of the Office of the Attorney General for the State of California.

21  **I.      BACKGROUND**

22      Petitioner is currently in the custody of the California Department of Corrections

23  pursuant to a judgment of the Superior Court of California, County of Kings, upon

24  pleading no contest to second degree murder. (See Lodged Doc. No. 1.) On January 14,

25  2004, Petitioner was sentenced pursuant to the three strikes law to an indeterminate

26  state prison term of thirty years to life. (Id.) Petitioner did not file an appeal.

27      Starting in March 2005, Petitioner filed fifteen post-conviction collateral challenges

28  with respect to his conviction in the state courts. (See Lodged Doc. Nos. 2-29.) Relevant

to the present petition are Petitioner's first five petitions, filed as follows:

1. <u>Kings County Superior Court</u>
   Filed: March 3, 2005[1];
   Denied: March 14, 2005;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: September 23, 2005[2];
   Denied: September 25, 2005;

3. <u>California Supreme Court</u>
   Filed: April 3, 2006;
   Denied: November 15, 2006;

4. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: April 13, 2006;
   Denied: April 27, 2006;

5. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: July 17, 2006;
   Denied: August 3, 2006;

(Lodged Doc. Nos. 2-11.)

Afterwards, Petitioner filed ten more post-conviction collateral appeals starting three years later in August 2009. (Lodged Doc. Nos. 12-29.) On December 21, 2012, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On June 5, 2013, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).  (Mot. to Dismiss, p.1.) Petitioner did not file an opposition.

## II.    DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.

[2] Petitioner did not date the petition. Accordingly, he is not entitled to an earlier filing date with regard to this petition.

1    Section 2254 Cases.

2          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

3    answer if the motion attacks the pleadings for failing to exhaust state remedies or being

4    in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

5    420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

6    exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

7    Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

8    Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

9    respondent can file a motion to dismiss after the court orders a response, and the Court

10   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &

11   n. 12.

12         In this case, Respondent's motion to dismiss is based on a violation of the one-

13   year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss

14   is similar in procedural standing to a motion to dismiss for failure to exhaust state

15   remedies or for state procedural default and Respondent has not yet filed a formal

16   answer, the Court will review Respondent's motion to dismiss pursuant to its authority

17   under Rule 4.

18         **B.      Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

19         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

20   Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all

21   petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,

22   521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

23   Cir. 1997).

24         In this case, the petition was filed on December 21, 2012, and is subject to the

25   provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

26   seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As

27   amended, § 2244, subdivision (d) reads:

28         (1)  A 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal his January 14, 2004 sentence. Accordingly, his conviction became final 60 days later on March 15, 2004. Cal. Rules of Court 8.308(a); <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on March 16, 2004. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

## C.    <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of

1    a habeas petition and the filing of a habeas petition at the next level of the state court

2    system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

3    Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

4    under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

5    timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

6    U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

7    determined by the federal courts to have been untimely in state court will not satisfy the

8    requirements for statutory tolling. Id.

9        Under § 2244(d)(1)(A), the limitations period begins running on the date that the

10    petitioner's direct review became final or the date of the expiration of the time for seeking

11    such review. In this case, Petitioner did not appeal his January 14, 2004 sentence.

12    Accordingly, his conviction became final 60 days later on March 15, 2004. Cal. Rules of

13    Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA

14    statute of limitations began to run the following day, on March 16, 2004. Patterson v.

15    Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). According to the state court records

16    provided by Respondent, Petitioner filed his first petition for collateral relief, in the form of

17    a petition for writ of habeas corpus, on March 3, 2005. (Lodged Doc. 5.) Respondent

18    concedes that Petitioner is entitled to tolling with regard to this petition. However, 352

19    days of the limitation period passed before the application was filed. Based on such

20    tolling, thirteen days of the limitations period remained when the petition was denied on

21    March 14, 2005.

22        Petitioner next filed an appeal with the Fifth District Court of Appeal on September

23    23, 2005, which was denied on September 29, 2005. Petitioner is not entitled to interval

24    tolling between the denial of his first state petition and the filing of the second state

25    petition. Petitioner delayed by waiting 192 days, a total of six months, between the time

26    his first petition was denied on March 14, 2005 and the filing of his second petition on

27    September 23, 2005. In Evans v. Chavis, 546 U.S. 189, 201 (2006) the Supreme Court

28    ruled that a delay of six months between the denial of a petition and the filing of another

1    was an "unjustified delay". The Court stated, "Six months is far longer than the 'short

2    periods of time,' 30 to 60 days, that most States provide for filing an appeal to the state

3    supreme court." Id. Therefore, Petitioner is not entitled to tolling for the six month

4    unexplained and unjustified period between his first and second petitions. See

5    Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011).  Since an additional 192 days of the

6    limitations period elapsed, a total of 544 days passed prior to petitioner's filing of his

7    petition with the court of appeal.

8         Accordingly, the statute of limitations expired during this period. State petitions

9    filed after the expiration of the statute of limitations period shall have no tolling effect.

10   Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit

11   the reinitiation of the limitations period that has ended before the state petition was

12   filed."). The present petition was filed on December 21, 2012, nearly seven years after

13   the expiration of the year statute of limitations period. The instant federal petition is

14   untimely.

15        **D.    Equitable Tolling**

16        The limitations period is subject to equitable tolling if the petitioner demonstrates:

17   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

18   circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

19   quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

20   give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

21   Cir.1993). Petitioner has not presented any evidence regarding equitable tolling.

22   Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition

23   remains untimely.

24   **III.   EXHAUSTION**

25        In his motion to dismiss, Respondent also argues that the petition should be

26   dismissed for failure to exhaust state remedies. As the petition is untimely, the Court

27   need not and will not address the exhaustion issue.

28   ///

1  **IV.   <u>CONCLUSION</u>**

2        As explained above, Petitioner failed to file the instant petition for Habeas Corpus

3  within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is

4  entitled to the benefit of statutory tolling, however, his federal petition was still untimely

5  filed. Further, Petitioner was not entitled to equitable tolling.  Based on the foregoing, this

6  Court recommends that Respondent's motion to dismiss be GRANTED.

7  **V.     <u>RECOMMENDATION</u>**

8        Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

9  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

10  GRANTED.

11        This Findings and Recommendation is submitted to the assigned  United States

12  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

13  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

14  District of California. Within thirty (30) days after the date of service of this Findings and

15  Recommendation, any party may file written objections with the Court and serve a copy

16  on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

17  Findings and Recommendation."  Replies to the Objections shall be served and filed

18  within fourteen (14) days after service of the Objections. The Finding and

19  Recommendation will then be submitted to the District Court for review of the Magistrate

20  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure

21  to file objections within the specified time may waive the right to appeal the Order of the

22  District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23

24

25

26  IT IS SO ORDERED.

27        Dated:   <u>August 15, 2013</u>            /s/ *Michael J. Seng*

28                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28